ORCASITAS, RESPONDENT, *v.* MÁRQUEZ ET AL., APPELLANTS.

APPEAL from the District Court of San Juan, Section 1.

No. 945.—Decided May 6, 1913.

PROCEDURE—SUMMONS—SERVICE OF SUMMONS—RETURN OF SERVICE.—When an
action is brought in a district court, according to section 92 of the Code
of Civil Procedure the marshal who should serve the summons is the district
marshal and not the municipal marshal. If the service is made by the
official authorized by law, his certified return is sufficient. If made by any
other person, whether an official or a private person, it must be returned with
an affidavit of said person made according to the statute.

ID.—SUMMONS—JURISDICTION—SERVICE OF SUMMONS—RETURN OF SERVICE.—In order to bring a defendant under the jurisdiction of the court he must be summoned in the manner prescribed by law and a return made to the court' showing that the summons was so served, all without prejudice to the provisions of section 98 of the Code of Civil Procedure.

ID.—SUMMONS—MINORS—SERVICE OF SUMMONS.—In order that a minor may be brought within the jurisdiction of a court he must be summoned personally. Service of a summons upon the guardian of a minor is insufficient.

The facts are stated in the opinion.

*Messrs. Víctor Burset* and *Arturo Aponte, Jr.,* for appellants.

*Mr. Francisco Socorro* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of debt brought by Pedro Orcasitas Muñoz in the District Court of San Juan, Section 1, against Genaro Márquez Roig and Palmira López Guzmán, the latter as heir of Antonio López Cuadra and represented by her guardian, Josefa López Bustelo. Summons was issued and returned as follows:

"Marshal's return. I certify that I received this summons at 8 a. m. on October 17, 1912, and that I personally served the same on. the therein-named defendants, Josefa López and Genaro Márquez, on October 17, 1912, by delivering to, and leaving with, the said defendants personally, at Humacao, a copy of the said summons and by delivering to, and leaving with, the defendants, G. Márquez and J. López, a true and exact copy of the complaint filed in the action mentioned in said summons.

"Dated this 17th day of October, 1912. Florentino Hernández, Marshal."

No answer having been filed to said complaint by the defendants, on motion of the plaintiff judgment was entered against them by default on December 6, 1912, from which judgment the defendants took this appeal on January 3, 1913, alleging in support thereof the two following grounds:

1. That the court had acquired no jurisdiction over the defendants because the service of the summons was made neither

by, nor in the name of, a competent officer and if made by another person, it was not properly verified.

2. That the summons was not served on the minor defendant personally and, therefore, she was never brought under the jurisdiction of the court.

Let us consider the first ground of appeal. The appellants allege that this court has judicial notice of the fact that Florentino Hernández was not the marshal of the District Court of San Juan or Humacao, nor was he a deputy marshal of either of these courts.

The respondent maintains that, granting this to be the case, this court also has judicial notice that Florentino Hernández was the marshal of the Municipal Court of Humacao at the time the summons was served and as such was authorized to make the service and certify his return.

Section 92 of the Code of Civil Procedure, as approved in 1904, reads as follows:

"The summons may be served by the marshal of the district where the defendant is found, or by any other person over the age of 18, not a party to the action. A copy of the complaint must be served with the summons, unless two or more defendants are residents of the same district, in which case a copy of the complaint need only be served upon one of such defendants. When the summons is served by the marshal it must be returned with his certificate of its service, and of the service of any copy of the complaint, when such copy is served, to the office of the secretary from which it is issued. When it is served by any other person, it must be returned to the same place, with an affidavit of such person of its service and of the service of a copy of the complaint, when such copy is served."

The said section was amended by Act No. 70 of 1911 to the effect that upon the copy of the summons being served it will be endorsed on the back by the officer serving it with a literal copy of the service and its date as appearing on the original.

The Code of Civil Procedure went into effect on July 1, 1904, at the same time that the act reorganizing the judici-

ary in Porto Rico and the act creating the office of district marshals became operative.

Under section 1 of the Act of 1904 reorganizing the judiciary Porto Rico was divided into seven judicial districts. Section 8 of the same act establishes and designates the municipal judicial districts and provides for a municipal judge for each one. These provisions have been amended from time to time, but the establishment of the seven judicial districts with a district court in each and of the several municipal judicial districts, each with a municipal court, remains the same, and when a judicial district only is spoken of it should be understood to mean one of the seven judicial districts into which Porto Rico is divided. In order to designate a municipal judicial district the word "municipal" should be added to the words "judicial district."

In view of the foregoing there can be no doubt that when the Legislature provided in 1904, in section 92 of the Code of Civil Procedure, that the summons may be served "by the marshal of the district," it had reference to the marshals of district courts and not of the municipal courts. This is the proper construction to be placed upon said words when used in connection with proceedings brought in the district courts, these being undoubtedly what the Legislature had in mind when enacting the Code of Civil Procedure. In applying the provisions of the Code of Civil Procedure to proceedings brought in municipal courts it is manifest that a reasonable construction of the words "district marshal" show the same to refer to the marshal of the municipal judicial district.

In the case at bar the action was first brought in the District Court of San Juan and consequently the marshal referred to in the statute is the marshal of the district court and not of the municipal court.

It is true that the law also provides that a summons may be served "by any other person over the age of 18 not a party

to the action'' and that the words ''any other person'' might well comprise a marshal of the municipal court, but if the marshal of the municipal court acted in this case as any other person might act, he should have made a sworn return, as required by the statute, instead of only a certified one.

We have consulted carefully the decisions bearing on this point and all of them agree that in order to bring a defendant under the jurisdiction of the court he must be summoned in the manner provided for by law and also that a return shall be made to the court showing that the summons was so served and that the requirements of the statute were duly complied with, all without prejudice to the provisions of section 98 of the Code of Civil Procedure.

The return being the proof of the service of the summons, it should be accurate and authentic. If the service of the summons is made by the marshal, his certified return, made under the solemnity of his oath of office, is sufficient; if made by a deputy marshal who has been properly sworn in and who is acting under the authority of the marshal, his certified return, duly made and signed in the name of the marshal under whose authority he acts, is likewise sufficient; and, finally, if made by any other person, whether an official or a private person, it must be returned with an affidavit of such person attesting the service.

Having considered the facts of this case in the light of the law and of jurisprudence, we must conclude that the first ground of appeal is well taken. The return of the service of the summons was not verified in the manner required by the statute. Proper proof that the summons had been served was not before the court and, therefore, the court did not acquire jurisdiction over the defendants.

The second ground of appeal is likewise well founded. Even accepting as valid the return of the marshal of the Municipal Court of Humacao, the fact would remain that the minor defendant was not personally summoned, that

therefore the court had acquired no jurisdiction over her and could not render judgment against her by default.

It is alleged in the complaint that Genaro Márquez and Antonio López were indebted to the plaintiff in a certain sum, that Antonio López died and that his daughter, Palmira, a minor under 18 years of age, inherited his estate and that Josefa López was appointed as her guardian. The respondent in his brief contends that Palmira was not only under 18 years of age, but was not yet eight years old. This may be so, but, as no correction to this effect is noted, we must confine ourselves to what the record shows. Furthermore, whether Palmira was under 18 or under eight years of age does not materially affect the decision of the question raised.

The parts of section 93 of the Code of Civil Procedure which are pertinent to the issue read:

"Section 93.—The summons must be served by delivering a copy thereof, as follows:

\*        \*        \*        \*        \*        \*        \*

"3. If against a minor under the age of 14 years, residing within said Island, to such minor, personally, and also to his father, mother or guardian; and, if there be none within this Island, then to any persons having the care or control of such minor, or with whom he resides, or in whose service he is employed.

\*        \*        \*        \*        \*        \*        \*

"6. In all other cases, to the defendant personally."

Hence, in accordance with the letter of the law, which is so clear as to admit of no other construction, it is necessary to summon a minor personally whenever an action is brought against him.

This is not the first time this question has arisen. In the case of *Vías* v. *Estate of Pérez et al.,* 15 P. R. R., 714, the following doctrine was established by this court:

"Where the defendants in a suit are minors, notice of citation must be served upon the father or the representative of the minor,

personal notice on defendant minors being necessary in any case, whether or not it appears that they are over 14 years of age. It is further necessary, in order that the court may acquire jurisdiction over such minors, that the return made by the marshal shall show that they have been personally served.''

The Supreme Court of California in construing and applying provisions of law similar to those in force in Porto Rico on this point decided in the case of *Fanning* v. *Foley,* 99 Cal., 336, that service of a summons upon the guardian of a minor, without serving it also upon the minor personally, was insufficient, and that a default entered against the guardian did not bind either the guardian or the minor and that the judgment rendered by default was absolutely void.

It seems at first sight that summons having been served on the guardian of a minor under 14 years of age no practical result would ensue from personal service on the minor himself, but if the question is thoroughly analyzed, it will be seen that one of the objects of the law is to make sure, as far as possible, in a direct manner, of the actual and positive existence of the defendant before allowing the court to take jurisdiction.

For the reasons hereinbefore set forth the appeal should be sustained and the judgment appealed from reversed.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.