[No. 15023. Department Two.—August 17, 1893.]

E. FANNING, APPELLANT, v. THOMAS FOLEY ET AL., RESPONDENTS.

FORECLOSURE OF STREET ASSESSMENT — SERVICE OF SUMMONS UPON GUARDIAN OF MINOR OWNER OF LAND — IMPROPER DEFAULT — VOID DECREE. — Where a minor is the owner of the land upon which a street assessment is sought to be foreclosed, a service of the summons upon his guardian without serving it upon him personally is insufficient, and a default entered against the guardian does not bind either the guardian or the minor, and a decree rendered thereon is absolutely void, and should be vacated on motion.

ID. — SERVICE OF RETURNED SUMMONS — QUASHING VOID SERVICE. — A returned summons is *functus officio*, and the service of it cannot be made thereafter; and service of a copy of such summons *more than eleven years after the filing* of the complaint upon a street assessment, made upon the grantee of the land, who was never made a party to the suit, and who did not appear in the case, is void, and such service may be quashed upon his motion.

ID. — DISMISSAL OF ACTION — WANT OF PROSECUTION. — An action to enforce a street assessment is properly dismissed for want of prosecution where there has been no proper service of summons upon the owner of the land for a period of eleven years after the filing of the complaint, and the owner of the land may appear for the purpose of moving to dismiss such action after vacation of a void decree foreclosing a lien for the assessment, the plaintiff having lost all right to bring him in as a party defendant.

APPEAL from a an order of the Superior Court of the City and County of San Francisco vacating a judgment, and from an order quashing summons and dismissing action.

The facts are stated in the opinion.

*J. M. Wood,* for Appellant.

The order dismissing the action was erroneous. (Code Civ. Proc., sec. 581, subd. 7.) The order quashing service of summons was also erroneous. (*Hancock* v. *Preuss,* 40 Cal. 572.) The return of the summons did not destroy its purpose or suspend its effect. (*Dupuy* v. *Shear,* 29 Cal. 240.)

*Mastick, Belcher & Mastick,* and *Frank J. French,* for Respondents.

The judgment was void on its face and was properly vacated. The statute gives no authority for a decree enforcing the lien in the absence of any of the parties interested. The owners of the property assessed, on the day when the action is commenced, must be sued, or the action must fail. (*Hancock* v. *Bowman,* 49 Cal. 413; *Clark* v. *Porter,* 53 Cal. 409; *Diggins* v. *Reay,* 54 Cal. 525; *Harney* v. *Appelgate,* 57 Cal. 205.) Service of summons on the guardian only cannot sustain a decree against a minor. The court has no jurisdiction over a minor unless he is brought into court by proper service of process, and even the appearance of the guardian for the minor would not confer jurisdiction. (*Emeric* v. *Alvarado,* 64 Cal. 529; *Justice* v. *Ott,* 87 Cal. 530; *Gray* v. *Palmer,* 9 Cal. 616; *Johnston* v. *San Francisco Sav. Union,* 63 Cal. 554; *O'Shea* v. *Wilkinson,* 95 Cal. 454.) The action was properly dismissed for want of prosecution. The court will dismiss a pending action for plaintiff's failure to prosecute it with reasonable diligence. (*Chipman* v. *Hibberd,* 47 Cal. 638; *Simmons* v. *Keller,* 50 Cal. 38.) The delay in serving the summons on defendant Gaven —ten years—was an unreasonable delay. (*Dupuy* v. *Shear,* 29 Cal. 238; *Grigsby* v. *Napa Co.,* 36 Cal. 585; 95 Am. Dec. 213; *Eldridge* v. *Kay,* 45 Cal. 49; *Lander* v. *Fieming,* 47 Cal. 614.) The action was properly dismissed on the ground that the summons in the action was not returned to the court within three years after the commencement of the action. (Code Civ. Proc., sec. 581, subd. 7.) The attempted service of summons on Capurro was properly quashed, as the original summons had been returned and no alias summons was issued within one year from the date of the filing of the complaint. (Code Civ. Proc., sec. 408.)

TEMPLE, C.—This action was commenced November 1, 1879, in the District court of the Twenty-Third Judicial District, to foreclose a street assessment, and the summons was issued on the same day. November 4th it was served upon certain named defendants, none of whom, as is now admitted, had or ever had any interest in the premises upon which it is sought to foreclose the lien.

It is admitted that Joseph D. Gaven was the sole owner of
the premises, and continued to be so up to the time of his death,
after which his executor sold the land to one Capurro. Gaven
was made a defendant, but was not served with summons. It
is averred in the complaint that he was a minor, and Mrs. Sarah
Ann English was served as his guardian. She made no appear-
ance and her default was entered as guardian of Gaven. Of
course, this was of no consequence, as it bound neither Mrs.
English nor her ward.

The summons was not returned until August 13, 1889, at
which time it was filed. September 25, 1891, plaintiff made
a copy of this summons without taking it from the files, and
handed such copy to Capurro. An affidavit was made on
behalf of plaintiff to the effect that the affiant had duly served
the summons on Capurro by handing him a copy thereof. This
affidavit does not appear to have been filed, but, as is stated,
was attached to the summons which had been previously filed
— pinned to it, as is stated in the notices — whether with or
without the knowledge of the custodian of the record does not
appear, save from the presumption that plaintiff's counsel would
not have done such a thing clandestinely.

Capurro was never made a party to the suit in any way, nor
was he served as John Doe, although such a person appears to
have been a defendant. Furthermore, the suit was dismissed as
to John Doe by plaintiff. Capurro did not appear in the case
by any pleading.

January 29, 1891, a decree was entered in the superior court
before Hon. F. W. Lawler, judge, foreclosing plaintiff's lien.
The decree does not run against Capurro. On motion of Mrs.
Sarah A. English, this decree was set aside and vacated Septem-
ber 21, 1891. Mrs. English then gave notice of a motion to
dismiss the action because not prosecuted with reasonable dili-
gence. Capurro also moved to quash the service of summons
upon himself, and separately, as successor in interest to Gaven,
gave notice of a motion to dismiss the action for want of prose-
cution. Both motions were granted, and plaintiff appeals from
all these orders. It is obvious that all these orders must be
affirmed. The decree was absolutely void, and the court was
right in removing it from the record. The owner of the fee

had never been brought in by appearance or service, and had Gaven been alive he could not have been served at the time of the attempted service upon Capurro.    It was eleven years after filing the complaint.

The summons having been returned was *functus officio.*    If the practice adopted by plaintiff can be sustained, it will practically nullify in part sections 406, 408, and 581 of the Code of Civil Procedure.

The fact that Capurro purchased the interest of Gaven after suit brought did not *ipso facto* make Capurro a defendant. Gaven had never been served and had not appeared in the suit, and it was then too late effectually to bring him in, had he been alive.    Perhaps had Gaven been alive, Capurro might, under our code, have appeared and defended in the name of Gaven, or have had himself substituted as defendant, but plaintiff could not at will, without any action on the part of the court or Capurro, consider and treat him as such.

The action was properly dismissed.    Under the code plaintiff had lost his right to bring in the real defendant, and it was of no benefit to him to keep the suit pending.    Capurro as purchaser from Gaven had such an interest as would authorize him to make the motion.

Capurro appeared for that purpose *only* after the decree had been vacated.    Even if it must be considered as a general appearance in that case, it would not help plaintiff.    Capurro was entitled to the relief granted.

I advise that the orders appealed from be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the orders appealed from are affirmed

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.