DEALERS LUMBER CORPORATION, Plaintiff, *v.* JOHN W. STAUFFER
and Another, Defendants.

Supreme Court, Erie County, December 8, 1926.

Process — summons — motion by defendant to set aside substituted service of summons for failure to comply with Rules of Civil Practice, rules 20 and 49 — order for substituted service filed January 12, 1926, on which date pleadings were affixed to defendants' door and mailed — affidavit of service mailed July 6, 1926, was filed November 9, 1926 — rule 20 does not refer to service of summons — rule 49, requiring actual service to be made within ten days, does not make filing of proof of service part of service itself — delay in filing proof of service does not invalidate service.

The substituted service of the summons in this case, the order for which was granted on January 12, 1926, on which day said order, with the supporting papers, was filed with the county clerk, and the pleadings therein were affixed to defendants' door and copies mailed, will not be set aside on the ground that plaintiff failed to comply with rules 20 and 49 of the Rules of Civil Practice, where the affidavit of service was not made until July 6, 1926, and was not filed until November 9, 1926, for rule 20 has no reference to the service of a summons and rule 49, requiring actual service, namely, the affixing and mailing of copies, to be within ten days, does not make the filing of proof of service a part of the service itself.

The plaintiff having done everything required by rule 49 of the Rules of Civil Practice to make the service complete, will not be compelled to effect service again, for delay in filing the proof of service does not make the service itself invalid.

MATTER OF SYKES.    **359**

Misc. 359]    Surrogate's Court, New York County, November, 1926.

MOTION by defendants to set aside substituted service of summons.

*Root & Orton,* for the plaintiff.

*Kenefick, Cooke, Mitchell & Bass* [*Fritz Fernow* of counsel], for the defendants.

HORTON, J. Defendants, appearing specially, ask that substituted service of the summons in this case be set aside for failure to comply with rules 20 and 49 of the Rules of Civil Practice. An order for substituted service was granted on the 12th day of January, 1926, and the order with the supporting papers was filed on the same day with the Erie county clerk. The summons, complaint, order and affidavits were affixed to the defendants' door and copies mailed at Kenmore on January twelfth. The affidavit of service, however, was not made until July 6, 1926, and was not filed until November 9, 1926.

The first objection based upon rule 20 is not well founded. Rule 20 does not refer to service of a summons. The court interprets rule 49 to mean that the actual service, that is, the affixing and mailing of the copies, must be within ten days. The part of the rule to the effect that the summons is deemed served when proof of service is filed fixes the date from which time to answer shall run, but does not make the filing of proof of service a part of the service itself.

Everything has been done which is required by the rule to make the service complete when the copies have been fastened to the door and other copies mailed to the defendant. Delay in filing the proof does not make the service itself invalid.

The motion should be denied, with costs.