EDITH I. DIEM, Plaintiff, *v.* FANNIE REISLER and Others, as Executors, etc., of GUSTAV THORNER, Deceased, Defendants.

Supreme Court, Kings County, August 19, 1932.

*Geis, Forman & Schulze,* for the plaintiff.

*Milton Pollack,* for defendant Fannie Reisler.

CUFF, J. On June 18, 1932, an order for substituted service on the defendant Fanny Reisler was granted. On June twenty-third summons, complaint, affidavit and order for substituted service were left at the defendant's apartment and on the same day copies were mailed to the defendant at her place of residence. The affidavit of service was filed in the county clerk's office on June 30, 1932. The defendant Reisler claims that the filing of the affidavit of service was late; that it should have been filed within ten days of June eighteenth — the date of the granting of the order; that failure to file it within that time is fatal to the service. The affidavit of service was not filed within ten days of the granting of the order. Plaintiff argues that the rule does not require filing within that time. The rule follows (Rules Civ. Prac. rule 49): " An order for substituted service, other than by publication, of a summons within the state on a resident, a domestic corporation or a joint stock or other unincorporated association, and the papers on which it was granted, must be filed and the service made within ten days after the order is granted; otherwise the order becomes inoperative. On filing proof of such service, the summons is deemed served and the same proceedings may be taken thereupon as if it had been served by publication pursuant to an order for that purpose." A hasty reading of the rule does not reveal the requirement to file the affidavit of service within ten days, but an analysis of the language leads conclusively to that interpretation. The first sentence of the rule provides that the order and the papers

on which it is granted must be filed within the ten-day period. Then follows, " and the service made within ten days after the order is granted." Ordinarily, the service of a summons is " made " when it is handed to the defendant. Having that in mind, counsel may well be led to believe that the substituted service is made when the acts are completed that are provided in the order to be done in substitution of the actual delivery by hand to the defendant. Rule 49, however, specifically defines when the service is made and warns practitioners in the heading that it is different by the words " when service complete." It is different from our general practice and contrary to what we might expect. It says that the summons " is deemed served " when the proof of service is filed. Therefore, regardless of when the " acts of service " were done, as provided in the order, in this particular kind — substituted service — there is no service until the affidavit of service is filed. Transposing the first part of the second sentence of rule 49 it reads: " The summons is deemed served on filing proof of such service."

Returning to the first sentence, we have this requirement: " The papers * * *, must be filed and the *service made* within ten days after the order is granted, * * *." If the service *must be made within ten days* after the order is granted and if the service *is not deemed made until* the affidavit of service is filed, it is axiomatic that the service affidavit must be filed within ten days from the date of granting the order. I hold no brief for process dodgers. I would do all in my power to bring them out of their hiding places. This kind of service is statutory and practitioners availing themselves of it must minutely adhere to the rule. It is not an unreasonable requirement to ask that the papers — all of them — be filed within a definite period. It is only a case of learning the practice.

The view advanced by plaintiff that the ten-day requirement does not apply to the affidavit of service finds support in *Dealers' Lumber Corp.* v. *Stauffer* (128 Misc. 358), but I cannot follow that case. The affidavit of service should have been filed within ten days of June 18, 1932. It was not filed until June 30, 1932. That omission was fatal. As the rule provides, the order became inoperative and the service depending upon it falls and will be set aside. The motion is granted.