[Civ. No. 46029. Second Dist., Div. Five. June 27, 1975.]

KAISER FOUNDATION HOSPITALS et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ALAN P. WINSTON, Real Party in Interest.

## COUNSEL

Thelen, Marrin, Johnson & Bridges and W. Glenn Cornell for Petitioners.

No appearance for Respondent.

Baker, Ancel & Redmond and Richard C. Spencer for Real Party in Interest.

## OPINION

**STEPHENS, Acting P. J.**—This is a petition for writ of mandamus to compel the superior court to dismiss an action pursuant to Code of Civil

Procedure section 581a, subdivision (a), after its denial of petitioners' motion to dismiss.

Section 581a, subdivision (a) provides as follows: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served *and return made within three years after the commencement of said action,* except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action." (Italics added.) None of the stated exceptions is here applicable. In the instant case, petitioners (defendants) were served with summons within the three-year period, i.e., approximately two weeks before the period had run, and (quoting from plaintiff's brief), "the document which is the return of service was executed and returned to [plaintiff's] counsel within the three (3) year statute; only the filing of this executed document was inadvertently delayed until a short period of time after the three (3) years expired."[1] It is conceded by plaintiff that "At the time, however, that this action was commenced, case law did establish that the term 'return of service' as used in § 581a(a) referred to the filing of the document with the court, rather than to the document itself."

In 2 Witkin, California Procedure (2d ed.) section 665, Filing of Return, pages 1449-1450, Witkin states: "(1) *Nature of Return.* Proof of service of summons is required to inform the court that the defendant has received the necessary jurisdictional notice. (See *Frohman* v. *Bonelli* (1949) 91 C.A.2d 285, 287, 204 P.2d 890.) Such proof is normally made by a sworn affidavit or 'return' of the person who served the process. (See *Los Angeles* v. *Morgan* (1951) 105 C.A.2d 726, 234 P.2d 319; C.E.B., Civ. Proc. Before Trial, p. 482; 3 Cal Practice 186; C.E.B., Cal. Jurisdiction and Process, p. 86; 82 A.L.R.2d 668 [effect of failure to make return]; 31 A.L.R.3d 1393 [liability for false or fraudulent return]; on affidavit or certificate, see infra, § 666; on written admission of service, see infra, § 669.)

---

[1] Return was made approximately one month after the three-year period had expired.

"The word 'return' has a number of meanings in procedural law, and two of them apply to service of process. *First,* and most commonly, it means *a paper:* the 'indorsement in writing' or statement of the process server (officer or private person) certifying what he has done, which constitutes the proof of service. *Second,* it means *an act:* the act of *delivering back* the process *to the court* with the above mentioned certificate or affidavit, so that the court may be informed of the fact that the requisite notice has been given. (*Frohman v. Bonelli,* supra, 91 C.A.2d 287, 289.) In the latter sense, 'return thereon made' (C.C.P. 581a) calls for filing of the original summons and proof of service within 3 years after commencement of the action. (See *Frohman v. Bonelli,* supra, 91 C.A.2d 291; *A.T. & S.F. Ry. Co. v. Rollaway W.S. Co.* (1951) 101 C.A.2d 763, 767, 226 P.2d 763; *Proceedings Without Trial,* § 60; see also Govt.C. 26663 [requiring return by sheriff or other officer 'without delay'; cf. Fed.Rule 4(g).)

"(2) *Sufficiency of Return.* The return of process is prima facie evidence of proper service, but may be impeached by contradictory evidence. (*Los Angeles v. Morgan,* supra, 105 C.A.2d 731.) Since jurisdiction depends not on proof but on *the fact* of service, if the process is correct in all other respects, a defective affidavit will not not be fatal to jurisdiction. In such a case the return may be amended. (See infra, § 670.) (Italics added.)

"· · · · · · · ' · · · · · · · · ·"

▪ Plaintiff opposes the granting of the instant petition on the theory that his failure to make the return of service within the three-year limitation could be excused under Code of Civil Procedure section 473, and that section 581a, subdivision (a), is governed by section 473.

Petitioners rely upon *Busching* v. *Superior Court,* 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369] as authority for mandatory dismissal. Plaintiff concedes that the characterization of section 581a, subdivision (a), as mandatory is generally correct. He urges, however, that such characterization does not preclude the exercise of judicial discretion and the granting of relief because of excusable neglect under principles recognized in section 473.

The trial court agreed with plaintiff and found that the mistake of law by attorney for plaintiff in believing that his actions constituted compliance with the requirement of return of service entitled plaintiff to relief and was a nonstatutory exception to the mandatory provision of section 581a, subdivision (a).

We do not agree. First, section 473 relief is from "a judgment, order, or other proceeding taken against him [here, plaintiff] through his mistake, inadvertence, surprise or excusable neglect." The failure to make a return of summons is not within the adjudications listed. Second, assuming *arguendo* that section 473 relief is obtainable notwithstanding the provisions of section 581a, subdivision (a), plaintiff's "mistake of law" fails to justify such relief as a matter of law. Plaintiff cites *Miller* v. *Lee,* 52 Cal.App.2d 10, 15 [125 P.2d 627] as authority for the principle that a mistake of law by a party's attorney is capable of supporting relief under section 473. The correct principle is stated on the cited page of *Miller,* but is not that wording relied upon by plaintiff; correctly, the court there stated: "While it is true, as contended by appellants, that the mistake of an attorney justifying relief must be other than that arising from mere ignorance of the law, . . ." The mistake of law here must fall within the above acknowledged rule, for what constitutes the "return of summons" was settled as early as *Vrooman* v. *Li Po Tai* (1896) 113 Cal. 302 [45 P. 470]. (*Lambert* v. *Conrad,* 185 Cal.App.2d 85, 89 [8 Cal.Rptr. 56] lists many subsequent cases on the same point.)

### Conclusion

We have reviewed the authorities cited by both parties and conclude that petitioners are correct in stating that the instant case is indistinguishable from *Busching* v. *Superior Court, supra,* 12 Cal.3d 44, which holds that where service is made within the three-year period but the return is made after the period has expired, dismissal is mandatory.[2]

The alternative writ (order to show cause) is discharged. Let a

[2]In *Busching* (p. 48, fn. 2), the court stated: ". . . but no showing is made in the present action . . . as to what steps Moreno had taken, other than filing the complaint or amended complaint and that service of summons was made upon the vice-president of Anderson and Murison on February 20, 1973. However, return of service thereof was not made until April 23, 1973, after the expiration of the three-year period here in question."

peremptory writ of mandate issue directing the superior court to grant the motion to dismiss the action and to enter orders of dismissal.

Costs are awarded to petitioners.

Ashby, J., and Loring, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.