[Civ. No. 18564. Fourth Dist., Div. One. Nov. 21, 1979.]

KERRY EDWARD TORGERSEN, Plaintiff and Appellant, v. ROBERT SMITH et al., Defendants and Respondents.

COUNSEL

Thacher & Hurst and Dan Zeidman for Plaintiff and Appellant.

Rhoades & Hollywood, Rosalie Shanks, Stutz, McCormick & Mitchell, Stutz, McCormick, Mitchell & Verlasky, John P. McCormick and Carlye Christianson for Defendants and Respondents.

OPINION

**WORK, J.***—Plaintiff appeals an order quashing summons and a companion order dismissing his action for failure to comply with the mandatory requirements to make service and return of summons within three years (Code Civ. Proc., § 581a).

■ The sole question on appeal is whether personal service by a copy of a summons and complaint *after* the original of that summons had been filed with the clerk is sufficient to bring a defendant under the court's jurisdiction, so long as both the original summons and proof of service are filed within three years.

*Assigned by the Chairperson of the Judicial Council.

The undisputed chronological facts are:

April 15, 1975—Complaint filed; summons issued.

March 18, 1978—First amended complaint filed; original summons returned unserved.

March 20, 1978—Further amendments set forth true names of Does I, II, III, IV and V.

April 11, 1978—Second amended complaint filed.

April 13-17, 1978 (the last date for service)—All parties were personally served with a copy of complaint, first amended complaint and amendments thereto, second amended complaint, and a copy of the original summons. None of the amended pleadings added parties not included in the original complaint. No summons on amended complaint was obtained.[1]

The issue is one of first impression.

There is no express statutory prohibition to the acquiring of jurisdiction by service of process in the manner described. A process server is no longer required to have the original summons in his possession at time of service. Personal service is obtained by serving a copy of summons and complaint (Code Civ. Proc., § 415.10).

Respondent claims the filing of the original summons voids it so no effective personal service can be made on it thereafter. He relies on the following language in *Hancock* v. *Preuss,* 40 Cal. 572, 577, "...that when the summons was returned and filed it became *functus officio* for all purposes whatsoever, except to constitute a part of the record in the cause."

The quoted language was merely the stated position of appellant, Hancock, and no finding was made as to that proposition. It is not even dictum in the case.

---

[1]We do not address the effect, if any, of the failure to obtain summons on amended complaint. This issue was neither raised in briefs nor argued. No prejudice appears and none is presumed.

Respondent maintains the unsupported dictum in *Fanning* v. *Foley,* 99 Cal. 336, 339 [33 P. 1098], is dispositive: "The summons having been returned was *functus officio.* If the practice adopted by plaintiff can be sustained, it will practically nullify in part sections 406, 408, and 581 of the Code of Civil Procedure."

At that time the referenced statutes contained the following pertinent parts:

Section 406: A summons may issue "at any time within one year" of the filing of a complaint.

Section 408: If summons is returned unserved, plaintiff may receive an alias summons *provided,* "no such alias summons shall be issued after the expiration of one year from the date of the filing of the complaint."

Section 581: "7. And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the Court in which the same shall have been commenced on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served, and return thereon made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years."

The common element in the three statutes is the time limitation regarding summons.

In *Fanning,* plaintiff commenced his action and had summons issued but was unable to serve any proper party. Ten years later he filed the original summons. Later, without ever naming one Capurro as a party, nor even attempting service on him, plaintiff obtained a decree of judicial lien foreclosure as to him. Eleven and one-half years after the action began, plaintiff made a copy of summons without taking the original from the clerk's file and served it on Capurro, who still was not named as a party. Therefore, *Fanning* merely holds a summons will not support a personal service attempted after the expiration of the statutory time periods, for at that time it has no further authority. (See also *Bank of South San Francisco* v. *Pike,* 53 Cal.App. 530, 532 [200 P. 752].)

Alternatively, respondent relies on language contained in *Frohman* v. *Bonnelli,* 91 Cal.App.2d 285, 287, 291 [204 P.2d 890], and in Code of Civil Procedure section 417.30, subdivision (a), to the effect summons must be returned "together with" proof of service. He urges this mandates the summons and proofs of service be filed at the same time.

*Frohman* was only concerned with the issue of both the summons and its proof of service being returned within the three-year period of Code of Civil Procedure section 581a. The construction of section 417.30, subdivision (a), urged by respondents is neither logical nor supported by authority. (See *Drinnon* v. *Oliver,* 24 Cal.App.3d 571 [101 Cal.Rptr. 120], holding separate filings of the summons and proof of service gives jurisdiction over a defendant where both are filed within three years.)

Respondents' position is squarely at odds with the liberal construction to be given the service of process statutes, sections 410.10 through 417.40 of the Code of Civil Procedure.

These sections are to be "liberally construed to effectuate service and uphold jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint." (Rep. of Judicial Council Special Committee on Jurisdiction, pp. 14, 15, quoted with approval in *Pasadena Medi-Center Associates* v. *Superior Court,* 9 Cal.3d 773, 778 [108 Cal.Rptr. 828, 511 P.2d 1180].)

Here each defendant received actual notice by receiving a copy of the summons and complaint. Nothing more is contemplated under the jurisdiction statutes.

By returning the summons and the proof of service within three years, appellant has avoided the sanction in Code of Civil Procedure section 581a.

The orders appealed from are reversed. The matter is remanded for reinstatement of proceedings. The defendants and respondents shall answer or otherwise plead.

Staniforth, Acting P. J., and Wiener, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied January 24, 1980.