[S.F. No. 24760. Mar. 4, 1985.]

JOHNSON & JOHNSON, Petitioner, v.
THE SUPERIOR COURT OF THE CITY
AND COUNTY OF SAN FRANCISCO, Respondent;
WENDY LAWTON et al., Real Parties in Interest.

COUNSEL

Gibson, Dunn & Crutcher, G. Edward Fitzgerald, Douglas W. MacNeille, C. Eric McCurdy and John Burns for Petitioner.

No appearance for Respondent.

LeRoy Hersh, Dan Bolton and Hersh & Hersh for Real Parties in Interest.

OPINION

BIRD, C. J.—When a summons and complaint are served by mail on a person outside this state within three years of the commencement of an

action, must a return receipt be obtained and filed within those three years to satisfy Code of Civil Procedure section 581a?

## I.

This case involves three separate civil actions arising from injuries allegedly caused by in utero exposure to the drug diethylstilbestrol (DES).

Petitioner is successor in interest to McNeil Laboratories, Inc., a DES manufacturer. Plaintiffs/real parties in interest in the three actions are all represented by the same counsel and have been throughout these proceedings.

Real parties in interest Barbara, Jean and Michael Marrot filed a wrongful death suit against numerous drug manufacturers after Michelle, the daughter of Barbara and Jean and the sister of Michael, died of vaginal cancer. The complaint was filed on April 28, 1980.

On April 27, 1983, the Marrots mailed a copy of the summons and complaint to petitioner at its corporate headquarters in New Brunswick, New Jersey. A return receipt was requested. On April 28, 1983, exactly three years after the commencement of the action, the Marrots filed a return. The return consisted of a copy of the summons and complaint with an affidavit showing the time and place at which the summons and complaint were mailed. On August 9, 1983, the superior court permitted a nunc pro tunc amendment to the return to include a copy of the return receipt, which had been signed by petitioner's employee on May 2, 1983.

Petitioner filed a motion to quash service of summons pursuant to Code of Civil Procedure section 418.10[1] and a motion to dismiss pursuant to section 581a. After a hearing, the court denied these motions. Petitioner's motion for reconsideration was also denied.

The cases of real parties in interest Melanie Galimidi and Wendy Lawton followed a similar course. On July 7, 1980, complaints were filed in both actions. On July 6, 1983, real parties mailed copies of summons and complaint to petitioner's New Jersey headquarters. On July 7, 1983, a return was filed in both cases consisting of a copy of the summons and complaint and an affidavit of the service by mail. Real parties later amended the returns to include the return receipts which were dated July 11, 1983. Petitioner's motions to quash service of process and to dismiss were denied.

---

[1]All statutory references are to the Code of Civil Procedure except as otherwise noted.

Thereafter, petitions for writ of mandate were filed in the Court of Appeal. In each of these actions, petitioner sought a writ to compel the trial court to vacate its orders denying the motions to quash service and dismiss and to enter its orders granting the motions. The Court of Appeal consolidated the petitions, issued an alternative writ, and subsequently ordered the issuance of a peremptory writ of mandate granting the requested relief. Real parties' petition for hearing in this court followed.

II.

Section 581a, subdivision (a) requires a trial court to dismiss an action "unless the summons on the complaint is served and return made within three years after the commencement of the action."[2] Performance of that duty may be compelled by writ. (*Watson* v. *Superior Court* (1972) 24 Cal.App.3d 53, 61 [100 Cal.Rptr. 684]; *Dresser* v. *Superior Court* (1964) 231 Cal.App.2d 68, 73-74 [41 Cal.Rptr. 473].)

Since petitioner's corporate headquarters are in New Jersey, real parties employed the method of substituted service provided for in section 415.40.[3] "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the

---

[2]Subdivision (a) provides in its entirety: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the action shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of the action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

With certain exceptions, the provisions of section 581a "are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional." (§ 581a, subd. (f).)

Section 581a was repealed in 1984, effective January 1, 1985. (Stats. 1984, ch. 1705, § 3; see Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).) The substance of subdivision (a) is continued in current sections 583.210, 583.220, 583.230, 583.240 and 583.250. Specifically, the requirement for service of summons within three years is continued in current section 583.210, subdivision (a). However, an additional 60 days is allowed for return of summons under subdivision (b) of that section.

In an action such as this one, commenced before January 1, 1985, the new provisions do not apply to a motion for dismissal made pursuant to notice given before January 1, 1986. (See current § 583.160, subd. (a).) The motions for dismissal in this case were made pursuant to notice given in 1983. Accordingly, this case is governed by former section 581a. (See § 583.160, subd. (a).)

[3]That method of service by mail employed in these cases may be used only for service on a person outside this state. (See Judicial Council com. to § 415.40, 14 West's Ann. Code Civ. Proc. (1973 ed.) p. 559.) Section 415.30 provides an alternative method of service by mail which "may be used to deliver process to anyone within or outside this state." (See Judicial Council com. to § 415.30, 14 West's Ann. Code Civ. Proc. (1973 ed.) p. 557.)

complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.''

Section 581a specifies that both service *and* return must be made within three years of the commencement of the action. In each of these cases, the summons was mailed and a return consisting of the summons and complaint and an affidavit of service by mail was filed prior to the expiration of the three-year period. The question is whether these acts satisfied the requirements of section 581a.

In its order denying petitioner's motions to quash service and to dismiss in the Marrot case, the trial court indicated that there was "no reason why the rationale of the decision in *Ginns* v. *Shumate* (1977), [*sic*] 65 Cal.App.3d 802, should not apply to determine the date on which service is complete under . . . section 415.40, for purposes of applying section 581 a [*sic*]. Here, service was complete on April 27, 1982." The court clearly intended to refer to April 27, 1983, the date on which the summons was mailed.

In *Ginns* v. *Shumate* (1977) 65 Cal.App.3d 802 [135 Cal.Rptr. 604], the plaintiff's action was commenced on July 21, 1972. On July 16, 1975, a process server left a copy of the summons and complaint with a secretary at the defendant's office. That same day, a copy of the summons and complaint was mailed to the defendant. The return was filed on July 21, 1975, the final day of the three-year period. (*Id.,* at pp. 803-804.)

Although the method of service conformed to the requirements of section 415.20, subdivision (a),[4] the defendant challenged the sufficiency of the service. Relying on the final sentence of section 415.20, subdivision (a), which states that service is deemed complete on the tenth day after mailing, the defendant contended that service by mail on July 16, 1975, was not effective until July 26—five days after the July 21st expiration of the three-year period. Therefore, he argued, dismissal was mandated by section 581a, subdivision (a). However, the Court of Appeal concluded that service was effected when copies of the summons were left at the defendant's office and mailed. The 10-day period following mailing was "simply a matter of grace

[4]Subdivision (a) provides: "In lieu of personal delivery of a copy of the summons and of the complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and of the complaint during usual office hours in his office with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage paid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing."

to allow actual notice to be brought to the defendant before the beginning of the period allowed for filing of an answer prior to default. Service is complete when all of the required acts are done." (*Ginns* v. *Shumate, supra,* 65 Cal.App.3d at p. 805; accord *Billings* v. *Edwards* (1979) 91 Cal.App.3d 826, 830 [154 Cal.Rptr. 453]; see § 412.20, subd. (a)(3).)

Real parties contend that the rationale of *Ginns* applies with equal force to section 415.40. ■ They argue that, just as service in *Ginns* was effected when the acts specified in section 415.20 were done, service was effected here when the act specified in section 415.40 was completed. Under section 415.40, the required act was "sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Each of the mailings by real parties met this requirement. Therefore, service was effective on the date of mailing even though petitioner received the summons at a later date.

Petitioner advances several arguments in support of its claim that real parties failed to comply with sections 415.40 and 581a. All of these arguments miss the mark by blurring the distinctions between effective service, return of service, and proof of service.

First, petitioner argues that service is not effected until the statutory requirements for *proof* of service have been satisfied. Where service is made by mail pursuant to section 415.40, proof of service must "include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence . . . ." (§ 417.20, subd. (a).)[5] Specifically, it is argued that service is not effected until a return receipt is filed.

In other words, petitioner argues that *service* was not effected within the three-year period prescribed by section 581a because the *proof* of service requirement was not satisfied fully within that time. In support of this view, petitioner cites the cases of *Stamps* v. *Superior Court* (1971) 14 Cal.App.3d 108 [92 Cal.Rptr. 151] and *Neadeau* v. *Foster* (1982) 129 Cal.App.3d 234 [180 Cal.Rptr. 806]. However, those cases addressed only the sufficiency of proof of service under section 417.20, subdivision (a). In neither case was a question raised regarding the time at which service is effected for purposes of section 581a.

Petitioner's second argument is that service was effected on the date the summonses were actually received. Petitioner cites as authority section

---

[5]Petitioner also contends that section 415.40 itself required real parties to obtain and file return receipts in order to effect service. That contention is meritless. Section 415.40 states only that the party serving the summons must use a form of mail which requires a return receipt. It is silent regarding the requirements for proof of service or the return.

415.30, which provides an alternate method of service by mail. (See *ante*, fn. 3.) Under that section, service "is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." (§ 415.30, subd. (c).) Petitioner claims that section 415.40, the statute at issue here, is "substantially similar" to section 415.30. However, section 415.30 contains specific language that actual receipt is the time of effective service. No such language can be found in section 415.40.

Clearly, when the Legislature intends that service is not to be effective until the date of actual receipt, it knows how to say so. In section 415.40, it chose instead to make the date of mailing determinative. Section 415.40 provides that service pursuant to its provisions "is deemed complete on the 10th day after . . . mailing."

As a final alternative, petitioner argues on the basis of the language just quoted that service is not effected until 10 days after the summons is mailed. However, as noted above, this language is properly interpreted as making service effective on the date of mailing, while permitting a 10-day grace period before the time for the defendant to answer begins to run. (See *Ginns v. Shumate, supra,* 65 Cal.App.3d at p. 805.) *Ginns* held that service pursuant to section 415.20 was effective at the time of mailing notwithstanding the nearly identical "10-day" provision contained in that section. (*Id.,* at pp. 805-806.)

In an attempt to distinguish *Ginns,* petitioner focuses on the differences between section 415.20 and section 415.40. First, section 415.20 requires personal delivery of a copy of the summons and complaint to the defendant's place of business. Section 415.40 contains no comparable requirement. It is argued that a court applying section 415.20 may find that service has been effected prior to the expiration of the 10 days only because a copy of the summons has been personally delivered to the defendant's office.

This argument mistakenly assumes that personal delivery of a summons to a defendant's office necessarily provides the defendant with actual notice of the proceedings. If that were true, there would be no reason to require a plaintiff, after personally delivering one copy of the summons, to mail another copy.

Petitioner also assumes that, as between personal delivery to the defendant's office and mailing, personal delivery is the method of service most likely to provide the defendant with actual notice of the action. Yet, the Legislature has provided that the 10-day period after which service is deemed complete runs from the date of *mailing,* not the date of personal

delivery. The date of mailing was chosen even though the mailing may occur days or weeks after the personal delivery. (See § 415.20 [requiring personal delivery, followed by mailing at some time "thereafter"].)

It is apparent that the Legislature does not share petitioner's belief that personal delivery of a copy of a summons to a defendant's office necessarily provides the defendant with "actual notice." Indeed, it appears that the Legislature viewed service by mail as the more reliable method. Thus, petitioner's first ground for distinguishing section 415.20 and *Ginns* is unconvincing.

Next, petitioner points to the different requirements for proof of service associated with the methods of service in each section. Where service is accomplished within California pursuant to section 415.20, proof of service does not require evidence that the defendant actually received the summons. (See § 417.10.)

The requirements are different where service is accomplished by mail on an out-of-state defendant under section 415.40. There, proof of service must include "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence . . . ." (§ 417.20, subd. (a).)

Citing *Ginns, supra,* 65 Cal.App.3d at page 805, which states that "[s]ervice is complete when all of the required acts are done," petitioner contends that one of the acts required to complete service is the filing of a return receipt. Here, return receipts were not filed within three years of the commencement of the actions. Therefore, petitioner reasons, service was not completed within the time mandated by section 581a.

Petitioner misreads the quoted passage from *Ginns.* The "required acts" to which the passage refers are only those specified in the provision which sets forth the mechanics of substituted service. In *Ginns,* the relevant provision is section 415.20. Here, the relevant requirements are stated in section 415.40.

A reading of the authorities cited by the *Ginns* court in support of its "required acts" holding (see *Ginns, supra,* 65 Cal.App.3d at p. 805), establishes that the court did *not* believe that the requirements for effective service included completion of acts required for *proof* of service. The act of filing a return receipt, one of the requirements for proof of service set forth in section 417.20, clearly falls into the latter category.

In *Colonial Discount Co.* v. *Martel* (Sup. 1947) 73 N.Y.S.2d 8, a New York court was called upon to determine whether the plaintiff had failed to

serve the summons and complaint within six years after the cause of action accrued. The applicable statute provided that substituted service was deemed complete 10 days after proof of service was filed. Substituted service was made on the defendant 10 days prior to the expiration of the 6-year period, but proof of service was not filed until the final day. (*Id.*, at p. 9.)

The court rejected the defendant's argument that service was not complete until 10 days after the proof of service was filed. Instead, it concluded that, for purposes of the six-year limit, service was complete on the date of the substituted service. (*Colonial Discount Co.* v. *Martel, supra,* 73 N.Y.S.2d at p. 9.) "The ten-day period required by [the substituted service statute] before service is deemed complete is simply a matter of grace to allow actual notice to be brought to the defendant before the beginning of the twenty-day period allowed defendant to answer. [Citation.] It is the fact of service which commences the action and confers jurisdiction, not the proof of service. [Citations.]" (*Ibid.*) Since service had been made within the prescribed period, the defendant's motion to dismiss was denied. (*Id.*, at p. 10.)[6]

The *Ginns* court also cited a footnote in the discussion of substituted service in Corpus Juris Secundum, which in turn cited another New York case. (*Ginns, supra,* 65 Cal.App.3d at p. 805, citing 72 C.J.S., Process, § 43, p. 1054, fn. 74; *Dealers' Lumber Corporation* v. *Stauffer* (1926) 128 Misc. 358 [218 N.Y.S. 464].) The court in that case construed a procedural rule which deemed the substituted service of a summons to be complete upon filing of proof of service. The court concluded that the rule merely "fixes the date from which time to answer shall run, but *does not make the filing of proof of service a part of the service itself.* [¶] Everything has been done which is required by the rule to make the service complete when the copies have been fastened to the door and other copies mailed to the defendant. *Delay in filing the proof does not make the service itself invalid."* (*Id.*, at p. 465, italics added.)

These authorities and the *Ginns* case which relied on them reach a conclusion which is consistent with the clear division of functions between section 415.40, governing the mechanics of substituted service by mail, and section 417.20, which sets forth the requirements for proof of such service. Accordingly, this court holds that service is effected on the date of mailing of a summons in the form provided for in section 415.40. The mailing in each of the present actions was made within three years after the commence-

---

[6]A motion to dismiss on the separate ground of legal insufficiency was granted with leave to amend the complaint. (*Colonial Discount Co.* v. *Martel, supra,* 73 N.Y.S.2d at p. 10.)

ment of the action, satisfying the requirement of section 581a for service within that period.

■ It then becomes necessary to determine whether return was made within three years of the commencement of the actions, the second requirement of section 581a, subdivision (a). In each action, the original summons and an affidavit of service by mail were filed prior to the expiration of the three-year period. However, the affidavits were not accompanied by signed return receipts. Petitioner argues that the "return" specified in section 581a must include everything required for proof of service. Under section 417.20, proof of service must "include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed receipt or other evidence . . . ." Since no receipts were included in the returns as initially filed, petitioner contends that the returns did not satisfy the requirements of section 417.20 or section 581a.

Real parties argue that the requirements for a "return" and for a "proof of service" are *not* the same. They claim that section 581a is satisfied by the filing, within three years after the complaint is filed, of the original summons and the affidavit of service. Any additional requirements for proof of service under section 417.20 are designed to assure the court that the defendant has received actual notice of the proceeding before the court exercises its jurisdiction over the defendant, e.g., by entering a default. (See *Woods* v. *Stallworth* (1960) 177 Cal.App.2d 517, 520 [2 Cal.Rptr. 250].) According to real parties, the requirements for proof of service have nothing to do with the purposes of the time limit set by section 581a.

■ "The primary purpose of section 581a is to assure reasonable diligence in the prosecution of lawsuits. This concern is motivated, at least in part, by a desire to insure that defendants faced with a lawsuit have a reasonable opportunity to locate evidence and witnesses in preparing a defense. As this court stated in *Crown Coach Corp.* v. *Superior Court* [(1972)] 8 Cal.3d [540,] 546 [105 Cal.Rptr. 339, 503 P.2d 1347]: 'The dismissal statutes, like statutes of limitation, "promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. . . ."' [Citation.]'" (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 724 [170 Cal.Rptr. 790, 621 P.2d 829].) ■ The service and return in each of the present actions satisfied this statutory purpose.

Further, decisions construing the provision requiring return of the summons within three years have not expressly equated "return" with "proof of service." Rather, our courts have concluded that "returned," and the phrase "return thereon made" in the former version of the statute, mean "filed in the office of the county clerk with a statement of the service within

that time." (Italics omitted.) (*Highlands Inn, Inc.* v. *Gurries* (1969) 276 Cal.App.2d 694, 697 [170 Cal.Rptr. 790, 621 P.2d 829], disapproved on another point in *Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 722, fn. 5; accord *Beckwith* v. *County of Los Angeles* (1955) 132 Cal.App.2d 377, 379 [282 P.2d 87].) "Returned" has also been defined as the filing of the summons "together with a statement of what was done in connection with the service thereof" or "together with . . . the affidavit of service of the person who served it . . . ." (*Frohman* v. *Bonelli* (1949) 91 Cal.App.2d 285, 288, 291 [204 P.2d 890]; *A.T. & S.F. Ry. Co.* v. *Rollaway W.S. Co.* (1951) 101 Cal.App.2d 763, 768-769 [226 P.2d 763].)

The returns filed by real parties satisfied these definitions. Each consisted of the original summons, a copy of the complaint, and an affidavit of service by mail. In light of today's holding that service was effected on the date of mailing, the returns would appear to be sufficient. Real parties performed all acts required of them to effect service and informed the court of those acts, within the prescribed period.

It should be noted that none of the cases which employed the foregoing definitions of the term "return" addressed the particular requirements for a return in the context of substituted service by mail on a party outside this state (§ 415.40) or a proof of service provision which requires "a signed return receipt or other evidence" of "actual delivery to the person to be served" (§ 417.20). And some courts and commentators construing section 581a have assumed that a return must satisfy all applicable requirements for proof of service. (*Modoc Land etc. Co.* v. *Superior Ct.* (1900) 128 Cal. 255, 256 [60 P. 848]; *Torgersen* v. *Smith* (1979) 98 Cal.App.3d 948, 952 [159 Cal.Rptr. 781]; *M. Lowenstein & Sons, Inc.* v. *Superior Court* (1978) 80 Cal.App.3d 762, 770 [145 Cal.Rptr. 814]; *Kaiser Foundation Hospitals* v. *Superior Court* (1975) 49 Cal.App.3d 523, 525-527 [122 Cal.Rptr. 432]; *Drinnon* v. *Oliver* (1972) 24 Cal.App.3d 571, 584 [101 Cal.Rptr. 120]; *Bernstein* v. *Superior Court* (1969) 2 Cal.App.3d 700, 702 [82 Cal.Rptr. 775]; *Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 88-89 [8 Cal.Rptr. 56]; *Ransome-Crummey Co.* v. *Wood* (1919) 40 Cal.App. 355, 357 [180 P. 951]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 665, p. 1450.)

However, the purposes of section 581a—to assure that lawsuits are prosecuted diligently and that defendants may prepare a defense while evidence and witnesses are still available (*Hocharian, supra,* 28 Cal.3d at p. 724)—are satisfied when the plaintiff provides the court with notice that he or she has completed all acts necessary to effect service.

Accordingly, this court holds that, in cases in which substituted service pursuant to section 415.40 is employed, an effective return need not satisfy

all of the requirements for proof of service. Other provisions requiring hard evidence of actual delivery before a default may be entered (see §§ 417.20, 417.30; *Woods* v. *Stallworth, supra,* 177 Cal.App.2d at p. 520) provide ample guarantee that a court will not improperly adjudicate the rights of a defendant over whom it has no jurisdiction. Section 581a, subdivision (a) is satisfied where a plaintiff effects substituted service by mail pursuant to section 415.40 and files a return consisting of the original summons and a duly executed affidavit of service by mail within three years of the commencement of the action.[7]

The presumption of mail delivery embodied in our Evidence Code provides further support for the conclusion that the affidavits of mailing included in the returns provided the trial court with sufficient notice of service on petitioner to satisfy the purposes of section 581a. Evidence Code section 641 creates a presumption that "[a] letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail."

■ Here, each sworn affidavit of service recited the name of the person and the address to which the envelope containing the summons was directed, as well as the time and place at which it was deposited in the mail with the necessary postage. In light of the presumption of Evidence Code section 641, these affidavits were sufficient to satisfy the trial court that all acts necessary to effect service had been performed in a timely fashion and that actual delivery would occur "in the ordinary course of mail." (See *Goodson* v. *The Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 39 [60 Cal.Rptr. 146]; *Otsuka* v. *Balangue* (1949) 92 Cal.App.2d 788, 791 [208 P.2d 65].) While this presumption does not satisfy the requirements of section 417.20 for proof of service,[8] it fully satisfies the purposes of section 581a.

---

[7]Any statements in the following decisions which are inconsistent with the views expressed herein are hereby disapproved: *Modoc Land etc. Co.* v. *Superior Ct., supra,* 128 Cal. 255; *Torgersen* v. *Smith, supra,* 98 Cal.App.3d 948; *M. Lowenstein & Sons, Inc.* v. *Superior Court, supra,* 80 Cal.App.3d 762; *Kaiser Foundation Hospitals* v. *Superior Court, supra,* 49 Cal.App.3d 523; *Drinnon* v. *Oliver, supra,* 24 Cal.App.3d 571; *Bernstein* v. *Superior Court, supra,* 2 Cal.App.3d 700; *Lambert* v. *Conrad, supra,* 185 Cal.App.2d 85; *Ransome-Crummey Co.* v. *Wood, supra,* 40 Cal.App. 355.

[8]The Legislature has declared that a presumption is not evidence. (Evid. Code, § 600, subd. (a).) Hence, the presumption of receipt permitted by Evidence Code section 641 does not qualify as "other evidence" of actual receipt under section 417.20. However, this fact has no bearing on the sufficiency of the presumption for purposes of section 581a.

The Legislature had very specific reasons for distinguishing between presumptions and evidence, reasons which have nothing to do with the issue presented here. Those reasons are set forth in the official comment of the Assembly Committee on the Judiciary to Evidence Code section 600. The comment states that the committee intended to repudiate the rule that a presumption is evidence that must be weighed against conflicting evidence (*Smellie* v. *Southern Pacific Co.* (1931) 212 Cal. 540 [299 P. 529]) and the rule that conflicting presumptions must be weighed against each other (*Scott* v. *Burke* (1952) 39 Cal.2d 388 [247 P.2d 313]). "These decisions require the jury to perform an intellectually impossible task.

■ More than three years after the commencement of the actions, the trial court permitted nunc pro tunc amendment of the returns to include the signed return receipts. This was error. "[T]he court can only make the record show that something was actually done *at a previous time;* a nunc pro tunc order cannot declare that something was done which was not done." (4 Witkin, Cal. Procedure, *supra,* Judgment, § 61, p. 3223, italics added.) Since the return receipts had not actually been signed when the returns were filed, it was error to antedate the filing of the receipts to the date of the returns.

However, this error does not affect the sufficiency of the returns under section 581a. That section does not require that every item necessary for proof of service be filed within the three-year period.

### III.

■■ Section 581a, subdivision (a) is satisfied when a plaintiff, within three years of the commencement of an action, mails a copy of the summons and complaint to an out-of-state defendant in the manner provided for by section 415.40 and files a return which includes a properly executed affidavit of service by mail.

Real parties in interest satisfied these requirements. Accordingly, the petitions for writ of mandate are denied.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.

On April 5, 1985, the opinion was modified to read as printed above.

---

. . . [¶] . . . [and] impose[] upon the party with the burden of proof a much higher burden of proof than is warranted." (Assem. Judiciary Com. com. to Evid. Code, § 600, in 1 Assem. J. (1965 Reg. Sess.) p. 1735.)

No conflicting evidence or presumption is at issue here. Petitioner did not contest the fact that the summons in each action was actually delivered to the person to be served.