Filed 10/8/25  Marriage of Baldwin CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

In re the Marriage of PAMELA and JEROME BALDWIN.

PAMELA BALDWIN,

    Respondent,

        v.

JEROME BALDWIN,

    Appellant;

ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,

    Intervener and Respondent.

G063511

(Super. Ct. No. 01D009909)

O P I N I O N

Appeal from a postjudgment order of the Superior Court of Orange County, Paul T. Minerich, Judge. Affirmed.

Jerome Baldwin, in pro. per., for Appellant.

Pamela Baldwin, in pro. per., for Respondent Pamela Baldwin.

No appearance for Intervener and Respondent Orange County Department of Child Support Services.

\*        \*        \*

More than 15 years after judgment was entered in this marital dissolution action involving appellant Jerome Baldwin and respondent Pamela Baldwin, Jerome moved to set aside the judgment.[1] The trial court denied Jerome's motion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

From what we can discern from the limited record on appeal, Pamela filed a petition for dissolution of marriage on October 18, 2001. On April 7, 2005, default judgment was entered. In August 2023, Jerome moved to set aside the judgment.

In October 2023, the trial court held a hearing on Jerome's motion to set aside the judgment. The court continued the matter to December 2023 because of insufficient service of Jerome's motion on Pamela.

At the hearing in December 2023, both Jerome and Pamela appeared.[2] Jerome initially said he was not trying to set aside the entire judgment and the issue was a matter of child support, but he later stated he

---

[1] As Jerome and Pamela share the same last name, we refer to them by their first names; we intend no disrespect.

[2] Since the Riverside County Department of Child Support Services appears to have filed a response prior to the court date in October 2023, the court started off the hearing in December 2023 by asking whether Pamela was from this department, to which Pamela responded she was. However, when the hearing resumed in the afternoon, Pamela clarified she was the mother and not an attorney for the Riverside County Department of Child Support Services.

was trying to undo the judgment. After hearing additional argument, the trial court denied Jerome's motion. The trial court stated, inter alia, the record contains a proof of service from the sheriff's department, and "[t]he judgment is based on a finding of valid [p]roof of [s]ervice." The trial court further found Jerome's "motion is untimely and not brought within any statutory period," and "because [it has] been at least nine years since the date that [he has] acknowledged notice of this order that it is not equitable for the [c]ourt to set aside this child support order." Jerome filed a notice of appeal.[3]

## DISCUSSION

"An appealed-from judgment or order is presumed correct." (*In re Sade C.* (1996) 13 Cal.4th 952, 994; see also *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant has the "burden to affirmatively demonstrate error." (*In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 978.) Indeed, an "'appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619 (*L.O.*).) "'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.'" (*Id.* at p. 620.)

Instead, "[t]he appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' [Citation.] Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each

___

[3] Following a request by the Orange County Department of Child Support Services, this court included that department as a party to this appeal. The Orange County Department of Child Support Services did not file a respondent's brief.

point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.'" (*L.O., supra*, 96 Cal.App.5th at pp. 619–620; see also Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Similarly, ""'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.'"" (*L.O.*, at p. 620.)

The foregoing "rules apply both to parties represented by counsel and self-represented parties." (*L.O., supra*, 96 Cal.App.5th at p. 620.) Thus, "'[a] party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."'" (*Ibid.*)

Here, Jerome's appeal fails for multiple reasons. As an initial matter, Jerome forfeited his challenge to the trial court's order because his appellate brief failed to appropriately cite the record and contains numerous unsupported factual assertions. (See *L.O., supra*, 96 Cal.App.5th at p. 620 [determining appellant "forfeited any argument that the challenged orders were erroneously issued" because appellant "failed to appropriately cite the record"].) Although Jerome's appellate brief occasionally cites the reporter's transcript, it contains no cites to any documents in the limited clerk's transcript. This results in Jerome's brief containing numerous assertions without any supporting citation to facts within the record on appeal.

For example, Jerome argues a Los Angeles address listed for him on the notice of entry of judgment "was a commercial mailbox rental facility

4

and has been directly linked to [Pamela] as a listed address of her businesses" and "[t]his address in question has not ever been affiliated with [him] publicly or privately at any time during the past, present[,] or future." Jerome also says Pamela "falsified court documents every time she knowingly used that same defective address and every document using that falsified address as a misrepresentation should be deemed void of any judgment or order including the April 7, 2005 [d]efault [j]udgment and the [n]otice of [e]ntry [j]udgment." Jerome provides no citations to the record on appeal establishing the claim that the address on the notice of entry of judgment was falsified.

Additionally, Jerome has not demonstrated, with applicable citations to the record and case law, that the trial court erred by denying his motion to set aside the judgment. Jerome asserts a court may set aside a default judgment that is valid on its face, but void as a matter of law, due to improper service. (See *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.) According to Jerome, the "[s]ummons [a]nd [c]omplaint [were] filed on October 18, 2001," "[t]he personal service was served on October 29, 2001," and "[t]he proof of service on the personal service was not filed with the clerk until December 16, 2004."

Although it is not entirely clear from his appellate brief, Jerome's contention appears to be that the proof of service was filed with the trial

court too late, not that he was never served in 2001.[4] This argument is unavailing. Jerome points to California statutes and California Rules of Court to purportedly support his argument that the proof of service was untimely filed and the matter could have been dismissed.[5] However, even if the trial court could have dismissed the petition at some point between its filing and when default judgment was entered because the proof of service was purportedly untimely filed (which is an issue we need not decide), that does not mean a subsequent judgment is automatically void. (See *National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 416 ["the late return of a summons is merely an irregularity which does not render a default judgment based thereon subject to collateral attack"]; *Connelly v.*

---

[4] In his appellate brief, Jerome says "[i]n 2001 [Pamela] was able to have [Jerome] served by a Deputy Sheriff using the last known place of business that address was in Bellflower, California as it was on the proof of service." However, even if Jerome were arguing he was not served in 2001, he forfeited such an argument by failing to provide any supporting record citations in his appellate brief. (See *L.O., supra*, 96 Cal.App.5th at p. 620.)

[5] For example, Jerome cites California Rules of Court, rule 3.110(b), which provides: "The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. . . ." Jerome does not explain why this rule applied to this marital dissolution action. (See Cal. Rules of Court, rule 3.110(a) [noting "[t]his rule applies to the service of pleadings in civil cases except for . . . proceedings under the Family Code"].) But even if this rule applied and was violated because the proof of service was not filed within 60 days, Jerome provides no reasoned argument with citations to applicable authority on how that means the subsequent judgment here was void and should have been vacated.

We note Jerome also cites multiple Federal Rules of Civil Procedure, which are not applicable here. He also cites certain statutes that are no longer in effect, such as former Code of Civil Procedure section 410 (all further statutory references are to the Code of Civil Procedure).

*Castillo* (1987) 190 Cal.App.3d 1583, 1589 ["appellant's failure to file proof of this service constituted a mere irregularity which did not void the judgment"].)

Jerome cites *Vrooman v. Li Po Tai* (1896) 113 Cal. 302; *Modoc Land & Livestock Co. v. Superior Court of Modoc County* (1900) 128 Cal. 255, disapproved of in *Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243 (*Johnson & Johnson*); and *Frohman v. Bonelli* (1949) 91 Cal.App.2d 285. According to Jerome, there is "a line of cases which were decided on the premise that not only must the service be made within the requisite period, but also that the summons with proof of service must be filed with the office of the county clerk within the statutory period." However, *Vrooman*, *Modoc*, and *Frohman* are not analogous because they were direct appeals and a petition for a writ regarding whether an action should be dismissed under former statutory provisions. (*Vrooman*, at pp. 303–305; *Modoc*, at pp. 255–256; *Frohman*, at pp. 286, 291.)[6] That is a different context than here, which concerns whether the purported failure to timely file a proof of service makes

_____

[6] Jerome also cites former section 581a. "Section 581a was repealed in 1984, effective January 1, 1985. [Citations.] The substance of subdivision (a) is continued in current sections 583.210, 583.220, 583.230, 583.240 and 583.250. Specifically, the requirement for service of summons within three years is continued in current section 583.210, subdivision (a). However, *an additional 60 days* is allowed for return of summons under subdivision (b) of that section." (*Johnson & Johnson, supra*, 38 Cal.3d at p. 248, fn. 2, italics added.) Jerome's appellate brief does not analyze whether the filing of the proof of service was untimely under the version of section 583.210, subdivision (b), in effect at the time.

Code of Civil Procedure section 583.210, subdivision (b), was further amended in 2005 to provide that the "[p]roof of service of the summons shall be filed within 60 days after the time the summons and complaint must be served upon a defendant." (Stats. 2005, ch. 300, § 4.)

a subsequent judgment void and whether that allegedly void judgment should be vacated more than 15 years later.[7]

Additionally, in her respondent's brief, Pamela states she "requests the [c]ourt to [e]nforce the [o]riginal [c]hild [s]upport [j]udgment." Pamela's brief also fails to provide citations to the record or applicable legal authority. Pamela's request "to [e]nforce" the original judgment is not properly made in the first instance on this appeal and we do not address it.

_____

[7] Jerome also appears to be attempting to assert additional arguments without supporting citations to the record or cogent legal argument, or that are outside the scope of this appeal. To the extent we have not addressed one of Jerome's arguments, we consider it forfeited or outside the scope of this appeal. For example, Jerome appears to argue the trial court erred in its October 13, 2023 minute order. Jerome failed to cite the record for this minute order, which is not in the clerk's transcript.

## DISPOSITION

The postjudgment order is affirmed. Respondent Pamela Baldwin shall recover her costs on appeal.


MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.

9