[Civ. No. 5595. Third Appellate District.—December 23, 1936.]

ALPHA STORES, LTD. (a Corporation), Respondent, v. YOU BET MINING COMPANY (a Corporation), Appellant.

Elizabeth M. Maxwell for Appellant.

W. E. Wright and Vernon Stoll for Respondent.

THOMPSON, J.—The defendant has appealed from a default judgment which was entered against it by the clerk, on the ground that the judgment is void for the reason that the summons was not served in the manner provided by section 411 of the Code of Civil Procedure. A bill of exceptions shows that upon motion to vacate the judgment, the plaintiff was permitted to, and did, amend the affidavit of service of summons to conform to the provisions of the statute.

The complaint, which is based on an indebtedness due to plaintiff as shown by an open book account, was filed in Nevada County, August 14, 1935. Summons was immediately issued and personally served on E. A. McGhie, the general manager of the defendant corporation in Nevada County on August 15, 1935, by the sheriff of that county. The return of the sheriff shows that he served the summons and complaint pursuant to the provisions of section 411 of the Code of Civil Procedure, ''on You Bet Mining Co., a corporation, Mr. McKei being the defendant named in said summons''. The defendant failed to appear or answer the complaint. On demand therefor, the clerk of court entered the default of the defendant on August 31, 1935, and judgment by default was accordingly rendered against the defendant.

September 10, 1935, the defendant moved the court to set aside the default judgment on the ground that the return of service of summons fails to show legal service thereof on the defendant corporation, and that E. A. McGhie, upon whom the summons was served, was not then the general manager, or an officer of the corporation. This motion was supported by affidavits. Counteraffidavits were filed upon that hearing on behalf of the plaintiff. The affidavits are conflicting regarding the question as to whether McGhie was actually the general manager of the corporation. Upon this conflicting evidence the court found that he was the general manager. There is no conflict regarding the fact that he was the identical person upon whom the summons was

served. This is conceded. On application therefor the court permitted the filing of an amended return of service of summons, showing that the person upon whom the summons was served on August 15, 1935, was E. A. McGhie and that he was then general manager of the defendant corporation. Thereupon the motion to vacate the default judgment was denied.

The only question presented on this appeal is whether a defective return of service of summons may be corrected to recite the truth and show that process was actually served upon the defendant as required by section 411 of the Code of Civil Procedure so as to support the validity of a default judgment.

The law is well settled that a defective return of service of process does not render the judgment void, provided the service was actually made as required by the statute upon the proper person or representative of a corporation. It is the actual service of process, rather than the mere proof thereof which confers jurisdiction on the court, and an amended affidavit of service may be filed to support the validity of a judgment which is rendered by default. (3 Freeman on Judgments, 5th ed., p. 2660, sec. 1280; *Spaulding & Co.* v. *Chapin*, 37 Cal. App. 573 [174 Pac. 334]; *City of Salinas* v. *Luke Kow Lee*, 217 Cal. 252 [18 Pac. (2d) 335].)

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 22, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1937.