[No. A025875. First Dist., Div. Five. Jan. 3, 1986.]

JUNIUS COURTNEY et al., Plaintiffs and Appellants, v.
ABEX CORPORATION et al., Defendants and Respondents.

**COUNSEL**

Steven Kazan and Burton Danziger for Plaintiffs and Appellants.

Sullivan, Roche & Johnson, Desmond G. Kelly, Theodore A. Kolb, Robert E. Paterson, Charles P. Scully II, Parichan, Renberg, Grossman & Harvey, John Krebs, Crosby, Heafey, Roach & May, James C. Martin, Peter W. Davis, James J. Marchiano, McGlynn, McLorg & McDowell and Susan L. Penney for Defendants and Respondents.

## OPINION

**LOW, P. J.**—We hold that the filing of a copy of the original summons indicating service on the defendant within three years after commencement of the action satisfies the "return" requirement of Code of Civil Procedure section 581a.[1]

Plaintiffs Junius and Dorothy Courtney appeal from an order and judgment dismissing defendants Abex Corporation, Borg-Warner Corporation, General Motors Corporation and Lear Seigler, Inc., and from the denial of their motion to file the original summons nunc pro tunc. The trial court ruled that defendants were entitled to dismissal under section 581a since plaintiffs had failed to return the *original* summons to the court within the three years following commencement of the action. We reverse.

Plaintiffs filed a complaint on September 30, 1980, alleging injuries caused to them by exposure to asbestos and silica products while they both worked at a car dealership. Suit was brought against 17 named and several hundred Doe defendants. One original summons was issued by the court on September 30, 1980.

On September 20, 1983, defendants, as "Does Two through Five," were each served by mail with copies of the summons and the complaint. Plaintiffs returned copies of the summons and proofs of service to the court on September 28, 1983. They later moved to file the original summons nunc pro tunc to correct their failure to file it during the three-year statutory period.

Defendant Abex Corporation moved to dismiss under section 581a, citing plaintiffs' failure to return the original summons to the court within the three-year period. Defendant General Motors Corporation joined in this motion, and similar motions were separately filed by defendants Lear Seigler, Inc., and Borg-Warner Corporation. The trial court denied plaintiffs' motion and granted dismissal as to all defendants.

Section 581a, subdivision (a) provides that "[n]o action heretofore or hereafter commenced by complaint shall be . . . dismissed by the court in which the same shall have been commenced . . . unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation

---

[1]Former Code of Civil Procedure section 581a, repealed by Statutes 1984, chapter 1705, section 3; now Code of Civil Procedure section 583.210, added by Statutes 1984, chapter 1705, section 5.

All statutory references are to the Code of Civil Procedure.

in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

Section 417.30, subdivision (a) specifies that "[a]fter a summons has been served on a person, the summons must be returned together with proof of service as provided in Section 417.10 or 417.20, unless the defendant has previously made a general appearance." Where the summons is lost after service is made, an affidavit may be filed with the court describing the fact of service. (§ 417.30, subd. (b).) A copy of the summons may be used to effect service on the defendant (§ 415.10) and there is no requirement that the original summons be returned to establish proof of service. (§ 417.10, subd. (a).)

■ The service of process statutes "are to be 'liberally construed to effectuate service and uphold jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint.'" (*Torgersen* v. *Smith* (1979) 98 Cal.App.3d 948, 952 [159 Cal.Rptr. 781] [disapproved on other grounds in *Johnson & Johnson* v. *Superior Court* (1985) 38 Cal.3d 243, 254, fn. 7 (211 Cal.Rptr. 517, 695 P.2d 1058)], quoting Rep. Judicial Council of Cal. Special Com. on Jurisdiction, pp. 14, 15; see also *Pasadena Medi-Center Associates* v. *Superior Court* (1973) 9 Cal.3d 773, 778 [108 Cal.Rptr. 828, 511 P.2d 1180].)

■ The statutory scheme governing the commencement of actions and jurisdiction contemplates that a defendant receive notice of the action against him. This goal is satisfied by the defendant's receipt of a copy of the summons or the original.

■ The purpose of requiring a return to the court of the summons and proof of service is to give the court notice that plaintiff is diligently prosecuting his case and that defendant has been informed of the action against him and knows he must appear in court.[2] (*Johnson & Johnson* v. *Superior Court, supra,* 38 Cal.3d at p. 254; *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 724 [170 Cal.Rptr. 790, 621 P.2d 829]; *Frohman* v. *Bonelli* (1949) 91 Cal.App.2d 285, 290 [204 P.2d 890].) If service upon the defendant is properly made, it is of little importance that there is a defect in the return since "'[i]t is the *fact of service* which gives the court jurisdic-

---

[2]New section 583.210, subdivision (b) provides that "[r]eturn of summons *or* other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant." (Italics added.) It is no longer required that a plaintiff return both documents to the court. However, because "return of summons" is not further defined, the question of whether a *copy* of the summons satisfies the return requirement remains, notwithstanding the adoption of the new provision.

tion, not the proof of service.'" (*Herman* v. *Santee* (1894) 103 Cal. 519, 523 [37 P. 509]; *M. Lowenstein & Sons, Inc.* v. *Superior Court* (1978) 80 Cal.App.3d 762, 770 [145 Cal.Rptr. 814], disapproved on other grounds in *Johnson & Johnson* v. *Superior Court, supra,* 38 Cal.3d at p. 254, fn. 7.)

Defendants' reliance on *Johnson & Johnson* v. *Superior Court, supra,* 38 Cal.3d 243, is misplaced. The court addressed the issue whether a return receipt must be included in the return of service made on an out-of-state defendant; there was no such requirement. (*Id.,* at p. 254.) The court did not discuss whether a copy of the original summons satisfied the return of summons. The facts of that case indicate that in the three civil actions under consideration, the return did include a *copy* of the original summons. (*Id.,* at p. 246.) However, the facts are contradicted in other parts of the opinion.

Defendants contend that the return of copies of the summons was insufficient to properly notify the court of the fact of service. We disagree. The word "original" does not appear before the word "summons" in section 581a or in the other sections cited above. If the Legislature had intended to require the return of the original summons, it would have clearly expressed that intent by including the word "original." (§ 1858; *Santa Fe Transp.* v. *State Board of Equal.* (1959) 51 Cal.2d 531, 538-539 [334 P.2d 907].) Defendants have cited several cases which read section 581a as requiring the return of the original summons. Neither the statutory language nor the legislative history support this conclusion. Furthermore, none of these cases dealt directly with the issue on appeal: whether a copy of the summons can be used instead of the original for the return.

■ Moreover, in unusual situations, the trial court has the discretion not to order dismissal notwithstanding the mandatory language of section 581a. (*M. Lowenstein & Sons, Inc.* v. *Superior Court, supra,* 80 Cal.App.3d at p. 769.) "Such discretion must be exercised in accordance with the spirit of the law and with a view toward serving rather than defeating the ends of substantial justice . . . ." (*Ibid.*)

There is no allegation by defendants of improper service. The trial court received adequate notice, by way of the return of copies of the summons with affidavits of proof of service, that defendants had been served and notified of the case pending against them. We would be exalting form over substance if we were to hold that a copy of the original summons was ineffective for the purpose of a return of service.

■ The trial court erred in finding that plaintiffs' return did not satisfy the return requirement of section 581a and in dismissing the action as against defendants. Because plaintiffs returned the copies of the summons

to the trial court within the statutory period, they substantially complied with the return requirement of section 581a.

Defendants were properly served and the return of the copies of the summons and complaint to the trial court was timely. The judgment of dismissal is reversed.

King, J., and Haning, J., concurred.