Filed 8/30/23  Navellier v. Putnam CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOUIS NAVELLIER et al.,<br><br>　　　Plaintiffs and Appellants,<br><br>v.<br><br>DONALD PUTNAM et al.,<br><br>　　　Defendants and Respondents. | A166476<br><br>(City & County of San Francisco Super. Ct. No. CGC19574779)<br><br>**ORDER MODIFYING OPINION; AND ORDER DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

The opinion filed August 17, 2023 is modified as follows:

(1)     In the first full paragraph on page 7, after the third sentence which ends, "regardless of whether the defendant signs or mails back the return receipt." insert the following footnote:

> In a petition for rehearing, the Navellier Plaintiffs argue Government Code section 68081 requires this court to order supplemental briefing on the section 415.40 service by mail issue before deciding this appeal.  We disagree.  Government Code section 68081 applies only if the appellate court's decision is "based upon an issue which was not proposed or briefed by any party[.]"  As interpreted by our Supreme Court, Government Code section 68081 does not require supplemental briefing when the parties had "the opportunity to brief any issues that are fairly included within the issues actually raised."

1

(*People v. Alice* (2007) 41 Cal.4th 668, 677.)  One of the issues raised by the Navellier Plaintiffs in this appeal is whether service of the complaint and summons on Pileggi was impossible or impracticable such that the exception in subdivision (d) of section 583.240 applied to toll the time to serve Pileggi.  Given that section 415.40 authorizes service on nonresident defendants by first-class mail, the issue of whether service on Pileggi by mail was impossible or impracticable was " 'fairly encompassed' in the main issue" raised by the Navellier Plaintiffs.  (See *Church Mutual Ins. Co., S.I. v. GuideOne Specialty Mutual Ins. Co.* (2021) 72 Cal.App.5th 1042, 1055, fn. 2.)  Indeed, they even conclusorily asserted in their opening brief that "service by mail . . . was not possible."  "[T]he fact that [the Navellier Plaintiffs] did not address an issue, mode of analysis, or authority that is . . . fairly included within the issues [they] raised does not implicate the protections of [Government Code] section 68081." (*People v. Alice,* at p. 679.)

We further observe that the Navellier Plaintiffs never requested leave to file a supplemental brief pursuant to California Rules of Court, rule 8.200(a)(4), even though this court issued a tentative opinion nearly a month before oral argument that addressed the issue of whether service on Pileggi by mail under section 415.40 was impossible or impracticable.  (See *Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 487, fn. 6.)  Nothing in the tentative opinion or the accompanying order prohibited them from requesting leave to do so.

Finally, even if we were to grant rehearing to allow supplemental briefing on the issue, the outcome of this appeal would not change. (See *People v. Sorden* (2021) 65 Cal.App.5th 582, 592, fn. 4.)  The Navellier Plaintiffs presented substantive arguments in their petition for rehearing as to why service on Pileggi by mail under section 415.40 was impossible or impracticable during the three-year period for service of process.  Having considered these arguments, we decline to modify our analysis in part II of the discussion section of the opinion.

This footnote will become footnote number 4, renumbering all subsequent footnotes accordingly.

This order does not effect a change in the judgment.

The Navellier Plaintiffs' August 25, 2023 petition for rehearing is denied.

Date:   08/30/2023                Jackson, P.J.   , P.J.


*Navellier v. Putnam* / A166476

Filed 8/17/23  Navellier v. Putnam CA1/5 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOUIS NAVELLIER et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>DONALD PUTNAM et al.,<br><br>        Defendants and Respondents. | A166476<br><br>(City & County of San Francisco Super. Ct. No. CGC19574779) |

Plaintiffs and appellants Louis Navellier and Navellier & Associates, Inc. (collectively, the Navellier Plaintiffs) appeal from an order granting defendant and respondent John Pileggi's motion to dismiss for failure to timely serve him with the complaint and summons within three years.  (Code Civ. Proc., § 583.210, subd. (a).)[1]  They claim the trial court erred in granting the motion because the three-year statutory period for service was tolled when the COVID-19 pandemic made service impossible and impracticable, and when the Judicial Council of California's (Judicial Council) emergency orders and rules stayed prosecution of the action.  They also contend their failure to timely serve Pileggi was excused because he was not amenable to service during the entire three-year period.  We reject these contentions and affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

## BACKGROUND

On March 26, 2019, the Navellier Plaintiffs sued Pileggi and several other defendants for breach of contract, fraud, negligent misrepresentation, and breach of the covenant of good faith and fair dealing. The complaint alleged that the Navellier Plaintiffs loaned $1.5 million to FolioMetrix, LLC (FolioMetrix). At that time, defendants Donald Putnam and Grail Partners, LLC (Grail) were investors in FolioMetrix. FolioMetrix, then merged with another investment firm and became RiskX, LLC (RiskX), another defendant. Pileggi is allegedly a principal of RiskX, the investment advisor to defendant American Independence Funds (AIF).

According to the complaint, Putnam and Grail, on behalf of themselves and the other defendants, agreed to assume the loans and repay the Navellier Plaintiffs $1.5 million plus interest. Defendants then failed or refused to repay the Navellier Plaintiffs. The complaint alleged that defendants made false promises to repay the loans to induce Navellier & Associates, Inc. to become a sub-advisor for a portfolio of AIF and defer payment of its sub-advisory fee. The complaint further alleged that defendants were each other's agents and conspired with each other to commit the alleged fraud and contract breaches.

Nearly six months after the filing of the complaint, the trial court issued an order to show cause why the case should not be dismissed for failure to file a proof of service on defendants. The Navellier Plaintiffs responded that in October 2019, they served counsel for Putnam and Grail with the complaint and summons after he agreed to accept service on their behalf. They then stated that the remaining defendants "have been difficult to locate for service of the Complaint."

2

The trial court continued the hearing on the order to show cause multiple times from 2019 through 2021. The Navellier Plaintiffs filed responses to the court's November 2019 and April 2021 continued orders to show cause, stating that they had been unable to locate and personally serve Pileggi, and they requested permission to serve him by publication. They supported their responses with their attorneys' declarations, which did not address their request to serve Pileggi by publication or include all the contents required under section 415.50 for an order authorizing service by publication. The record does not indicate that the court ruled on their request or that they filed an affidavit that complied with section 415.50.

As part of their latter response, the Navellier Plaintiffs provided a process server's affidavit of non-service, which showed two failed attempts to personally serve Pileggi in June 2021 in Florida, where he was scheduled to speak at an event. According to the affidavit, Pileggi "took himself off the [speaking] schedule" and "disappeared" before the process server could find him. They also provided two e-mails from a process server showing that he twice attempted to serve Pileggi in August 2021 at an office in New York, which was apparently his registered place of business. On the first attempt, a tenant informed the process server that "he hasn't seen anyone in the office in months."

In July 2022, the Navellier Plaintiffs filed a proof of service showing that Pileggi had been served via substitute service on his wife at his residence in New York on June 14, 2022, more than three years and two months after the commencement of the action. The proof of service showed two failed attempts to personally serve Pileggi that same month at his residence. The record does not indicate whether any other attempts to serve Pileggi had been made between August 2021 and June 2022.

3

One week later, Pileggi moved to dismiss the action against him. He argued that dismissal was mandatory under sections 583.210 and 583.250 because the Navellier Plaintiffs failed to serve him within three years after commencing the action and because none of the statutory exceptions to dismissal applied.

The Navellier Plaintiffs countered that the time for service had been tolled because Pileggi had not been amenable to process, because the COVID-19 pandemic had made service impossible or impracticable, and because the Judicial Council's emergency orders had "stayed" the action. They also argued that Pileggi was deemed served when Putnam and Grail were served because they were in privity with Pileggi. In support, the Navellier Plaintiffs submitted declarations from Navellier and a San Francisco-based process server, the latter of whom said that service of process during the COVID-19 pandemic was "very difficult, if not impossible," because people were reluctant to answer their doors and because most employees were working remotely.

The trial court granted the motion. It found that Pileggi was amenable to process and that the Judicial Council orders did not toll the time to serve Pileggi because they "pertain to filing documents, not service." The court further found that there was no authority supporting Plaintiffs' assertion that service on Pileggi's co-defendants constituted service on him.

The Navellier Plaintiffs timely appealed.

## DISCUSSION

The Navellier Plaintiffs concede that they did not serve Pileggi within three years as required by section 583.210, subdivision (a) but contend their time to do so was tolled or excused under section 583.240. As explained below, this contention lacks merit.

4

# I.

## Legal Standards and Standard of Review

A plaintiff must serve "a defendant within three years after the action is commenced against the defendant." (§ 583.210, subd. (a).) "[A]n action is commenced at the time the complaint is filed." (*Ibid.*) If a plaintiff fails to serve a defendant within three years, dismissal is "mandatory and [] not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.250, subd. (b).)

Section 583.240 lists four conditions under which time is tolled and excluded from the three-year period, three of which the Navellier Plaintiffs contend applied here: (1) "[t]he defendant was not amenable to [service of] the process of the court" (§ 583.240, subd. (a)); (2) "[t]he prosecution of the action or proceedings in the action was stayed and the stay affected service" (*id.*, subd. (b)); and (3) service was "impossible, impracticable, or futile due to causes beyond the plaintiff's control" (*id.*, subd. (d)). The provisions of section 583.240 are "construed strictly against the plaintiff." (*Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 326.)

"[T]he trial court has broad discretion in determining whether one of the statutory excuses has been proved by plaintiff. [Citation.] Discretion ' "is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered. [Citations.]" ' [Citations.] The burden is on the plaintiff to establish an abuse of discretion." (*A. Groppe & Sons Glass Co., Inc. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 224–225.) " 'The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the

facts is reversible only if arbitrary and capricious.' "[2]  (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100.)

## II.

## Impossibility or Impracticability of Service

The Navellier Plaintiffs first argue that the time to serve Pileggi should be tolled for at least five months when the COVID-19 pandemic made it impossible or impracticable to personally serve him.  In support, they cite declarations from two New York-based process servers.[3]  Those declarations state that from March through August 2020, it was difficult, if not impossible, for process servers to personally serve people in New York due to the pandemic, and that many process server firms were essentially shut down during that time.  But even if true, this does not establish that it was impossible, impracticable, or futile to serve Pileggi during the pandemic.

The time for service is tolled where service "was impossible, impracticable, or futile due to causes beyond the plaintiff's control."

---

[2] The authority the Navellier Plaintiffs cite as support for their argument that the standard of review is de novo is consistent with this rule. In *Brown & Bryant, Inc. v. Hartford Accident & Indemnity Co.* (1994) 24 Cal.App.4th 247, the Court of Appeal acknowledged that in general, "the determination whether prosecution of an action was impossible, impracticable, or futile . . . will not be disturbed on appeal unless an abuse of discretion is shown."  (*Id.* at pp. 251–252.)  In that case, however, the court exercised its "independent judgment" to resolve a legal question—whether a settlement agreement executed during the action made it impossible, impracticable, or futile to proceed to trial within the statutory time limit. (*Id.* at p. 252.)

[3] It is not clear from the record whether these declarations were properly before the trial court.  But we need not decide this issue because the declarations do not help the Navellier Plaintiffs.

6

(§ 583.240, subd. (d).)  But " '[t]he excuse of impossibility, impracticability, or futility should be strictly construed in light of the need to give a defendant adequate notice of the action so that the defendant can take necessary steps to preserve evidence.' " (*Dale v. ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 502, italics omitted.)  " '[S]*ervice . . . is ordinarily within the control of the plaintiff.*' " (*Ibid.*, italics in original.)

Even assuming personal service was impossible or impracticable during part of the three-year service period in this case, the Navellier Plaintiffs could have used a far simpler method to serve Pileggi.  Section 415.40 authorizes service on a nonresident defendant by mailing him or her copies of the summons and complaint "by first-class mail, postage prepaid, requiring a return receipt."  Service is deemed effective 10 days after the mailing, regardless of whether the defendant signs or mails back the return receipt. (*Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 248 ["Under section 415.40, the required act was 'sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt' "].)  There is no evidence that the Navellier Plaintiffs attempted to or were unable to serve Pileggi by mail in accordance with section 415.40.  And their assertions that it was "not possible" to effect service by mail and that Pileggi's residence was "not known or discoverable, despite diligent searches," are not supported by the record.  Indeed, the evidence they cite does not show what efforts, if any, they made to locate Pileggi's residential address.  Therefore, the trial court was within its discretion in refusing to toll the time to serve pursuant to section 583.240,

7

subdivision (d) because the ability to serve Pileggi was not beyond the Navellier Plaintiffs' control.[4]

## III.

## Amenable to Process of Court

The Navellier Plaintiffs next contend Pileggi was not amenable to service during most, if not all, of the three-year period because he was out-of-state, his whereabouts were "hidden and unknowable," and he dodged service in Florida. Because the court was unable to "obtain[]" personal jurisdiction over Pileggi by service of process, they contend their failure to timely serve him should have been excused under section 583.240, subdivision (a). Again, these contentions lack merit.

Contrary to the assertion of the Navellier Plaintiffs, the phrase, "amenable to process of court," as used in section 583.240, subdivision (a), refers to the court's authority to exercise personal jurisdiction over a defendant, and not to the defendant's "reasonable availability, as a practical matter, for service of process." (*Watts v. Crawford* (1995) 10 Cal.4th 743, 758; see also *Perez v. Smith* (1993) 19 Cal.App.4th 1595, 1599 [subdivision (a) of section 583.240 does not excuse failure of service within three years "based on defendants' absence from the state or concealment"].) The cases cited by the Navellier Plaintiffs are inapposite because they involve a court's assertion of personal jurisdiction over a defendant who was not validly served with process. (See, e.g., *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1227 [default judgment void for lack of personal jurisdiction due to

---

[4] Having found that the trial court did not abuse its discretion in impliedly finding that service of process on Pileggi by first-class mail was not impossible, impracticable, or futile, we need not and do not address whether service by publication was impossible or impracticable.

8

fraudulent service of process].)  So long as a defendant is "*subject to being served* under applicable constitutional and statutory provisions," the defendant is amenable to process of court.  (*Watts v. Crawford*, at p. 758, italics in original.)

That is the case here, as service upon Pileggi was constitutionally and statutorily authorized.  Although the Navellier Plaintiffs make much of the fact that he lives out-of-state, they admit the trial court had the authority to exercise personal jurisdiction over him "by virtue of his tortious acts and contractual breaches with his co-conspirator here . . . ."  (See *Watts v. Crawford, supra*, 10 Cal.4th at p. 762, fn. 16 ["The bases of a state's judicial jurisdiction over individuals include . . . doing an act (e.g., executing a contract), within the state"].)  Section 413.10, subdivision (b), provided the Navellier Plaintiffs with the means to serve Pileggi, including service by first-class mail.  (See *Watts v. Crawford*, at p. 762; §§ 413.10, subd. (b), 415.40.)  And there is nothing in the record to indicate that Pileggi was outside the court's jurisdiction during any part of the statutory three-year period.  Therefore, he was amenable to process during that entire period.  Accordingly, the trial court did not abuse its discretion in finding that the exclusion provided by section 583.240, subdivision (a) did not apply.

## IV.

### COVID-19 "Stays"

In March 2020, due to COVID-19, Governor Gavin Newson declared a state of emergency and suspended any limitations on the Judicial Council's authority to issue emergency rules or orders.  (*In re M.P.* (2020) 52 Cal.App.5th 1013, 1016–1017.)  Acting on that authority, the Judicial Council adopted emergency rules and orders to address the impact of the COVID-19 pandemic.  (*Id.* at p. 1017.)  The Navellier Plaintiffs argue that certain of

those orders and rules stayed the prosecution of this action.  Thus, the time to serve Pileggi was tolled under subdivision (b) of section 583.240 for the period during which those orders and rules were in effect.  We disagree.

Subdivision (b) of section 583.240 tolls the time for service when the "prosecution of the action or proceedings in the action" is stayed and "the stay affected service." (§ 583.240, subd. (b).)  To avail themselves of this tolling provision, the Navellier Plaintiffs therefore must show that the Judicial Council's emergency orders and rules not only stayed the prosecution of this action or its proceedings, they also affected service.  (See *Williams v. Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 101–102 [exception inapplicable to time period in which municipal court proceedings were suspended due to pending transfer to superior court, because service of summons and complaint was statutorily permissible while transfer was pending]; *Highland Stucco & Lime, Inc. v. Superior Court* (1990) 222 Cal.App.3d 637, 644 ["The court's stay of proceedings in the action clearly affected the service of process in that it precluded service upon additional defendants until the stay was lifted"].)  They have failed to do so.

In arguing that subdivision (b) of section 583.240 applied here, the Navellier Plaintiffs focus on Judicial Council orders authorizing the Superior Court to declare that March 18, 2020 through June 19, 2020 "be deemed holidays *for the purposes of* computing the time for *filing papers* with the Court under" sections 12 and 12a.  (Italics added.)  Section 12a provides that if the last day to perform an act falls on a holiday, the time to perform the act is extended to the next day that is not a holiday.  Thus, these orders merely extended the time for filing documents with the court; they did not affect the time to serve process.

10

Nonetheless, the Navellier Plaintiffs insist that the Judicial Council orders are not so limited.  Although their argument is unclear, they appear to contend that, because the orders refer to section 12 and because section 12, in turn, extends "[t]he time in which *any* act provided by law is to be done" if the last day to perform the act is a holiday, the orders were "tolling" orders applicable to all "acts," including service of process.  But even assuming a tolling order "stays" the prosecution of proceedings within the meaning of section 583.240, subdivision (b), an issue that the Navellier Plaintiffs ignore, we do not agree that the orders tolled the time for service of process.  Indeed, Plaintiffs' interpretation requires us to read the orders' reference to section 12 wholly out of context.

Nor are we persuaded that the Judicial Council's Emergency rule 9(a) stayed the prosecution of the action and tolled the three-year period for service.  That rule provided that "the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until August 3, 2020."  (Cal. Rules of Court, appen. 1, Emergency rule 9(a).)  Under its plain language, the rule only suspended the running of the limitations period for initiating an action; it did not stay the prosecution of any actions or suspend the time for service of process.  (See *Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 403; *People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 42 ["The plainly intended meaning of Emergency rule 9 is that statutes of limitation and repose for pleadings commencing civil causes of action . . . are temporarily tolled"].)

Accordingly, the trial court did not abuse its discretion in concluding that the time to serve Pileggi with the complaint and summons was not tolled under subdivision (b) of section 583.240.

# V.

## Service on Pileggi's Co-Defendants

Finally, the Navellier Plaintiffs argue that Pileggi was deemed served in October 2019 when his co-defendants, Putnam and Grail, agreed to acknowledge service, because they were in privity with each other. We disagree.

Service of process is not valid unless the statutory requirements for service are met. (*Schering Corp. v. Superior Court* (1975) 52 Cal.App.3d 737, 741, accord *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1433, 1439 & fn. 13 [affirming motion to dismiss for failure to serve defendant within three years under section 583.210 because plaintiff did not comply with sections 415.40 and 416.10 in serving defendant with process].) Because a party in privity with a defendant is not one of the parties authorized by statute to accept service on that defendant's behalf, the acknowledgement of service by Putnam and Grail did not effectuate service on Pileggi. (See § 416.90; *Crane v. Dolihite* (2021) 70 Cal.App.5th 772, 785 [service is made on an individual defendant by delivering a copy of the summons and of the complaint to the defendant personally or an agent of the defendant "*who is authorized by law* or by appointment to receive service of process," italics in original].)

*Mooney v. Caspari* (2006) 138 Cal.App.4th 704 does not suggest otherwise. In that case, the Court of Appeal considered the privity between the plaintiff and a third party in deciding whether to apply collateral estoppel to bar the plaintiff's legal malpractice claim. (*Id.* at pp. 707, 718.) It did not consider whether any party had been properly served.

In sum, the Navellier Plaintiffs have not established that the trial court abused its discretion in granting Pileggi's motion to dismiss.

12

## DISPOSITION

The order granting Pileggi's motion to dismiss is affirmed. Pileggi shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____

Chou, J.

We concur:

_____

Jackson, P.J.

_____

Simons, J.

*Navellier v. Putnam* / A166476